IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| K.H. and S.H.,<br><br>Plaintiffs,<br><br>v.<br><br>BLUESCROSS BLUESHIELD OF ILLINOIS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:21-cv-403-HCN-DAO<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

The Plaintiffs, K.H. and S.H., sued Defendant, BlueCross BlueShield of Illinois, asserting two claims under ERISA (the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*.): (1) a claim for payment of improperly denied benefits, and (2) a claim for violations of the Mental Health Parity and Addiction Equity Act. The court first dismissed the claim under Parity Act claim and later remanded the Plaintiffs' claim for benefits for reconsideration. The Plaintiffs now move for attorneys' fees. The court denies the motion without prejudice as untimely.

I.

Not long after this action was filed, the Defendant moved to dismiss the Plaintiffs' Parity Act count for failure to state a claim, and the court issued an oral ruling granting that motion. *See* Dkt. Nos. 15, 22–23. The parties later filed cross-motions for summary judgment on the Plaintiffs' claim for benefits, the Defendant arguing that benefits were properly denied because the facility in which the care was received did not qualify as a residential treatment center under the Plan. *See* Dkt. No. 37. But at the hearing on the cross-motions for summary judgment and in later supplemental briefing, the Defendant was unable to identify anything in the Plan restricting

1

coverage of the care for which the Plaintiffs sought benefits to care provided in a residential treatment center. *See* Dkt. Nos. 52, 54.

The court accordingly denied the Defendant's motion for summary judgment. *See* Dkt. No. 58. Because the Plaintiffs failed to show that they were clearly entitled to benefits under the Plan, however, the court did not award benefits but instead remanded the matter for reconsideration. *See id*. The Plaintiffs then moved for attorney's fees. *See* Dkt. No. 64.

II.

In an action of this type, ERISA authorizes a court, "in its discretion," to award "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). The Supreme Court has held that such fees are available to any party that has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–56 (2010). Although a litigant need not qualify as the "prevailing party" to receive attorneys' fees and costs under this statute, it must achieve more than a "trivial success on the merits" or a "purely procedural victory." *Id.* at 254–55.[1] When awarding fees, a court should calculate the amount of the award using a "hybrid lodestar" method: the number of hours reasonably expended at a reasonable hourly rate, with the total award subject to adjustment up or down based on various equitable considerations. *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983).

The Tenth Circuit has long held that motions for attorney's fees in ERISA cases are not ripe when "it remains to be seen whether [the plaintiff] is entitled to benefits under the plan."

---

[1] The district court in *Hardt* and lower courts since have utilized a five-factor test to decide whether to award fees, *see id.* at 249 n.1; *Manna v. Phillips 66 Co.*, 820 Fed. App'x 695, 702 (10th Cir. 2020), although the Supreme Court emphasized in *Hardt* that these factors "bear no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence." 560 U.S. at 255. At bottom, the Court explained, the decision to award fees must be grounded in the Court's "historic fee-shifting principles and intuitive notions of fairness." *Id.*

*Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1162 (10th Cir. 2007). Indeed in its recent decision in *David P. v. United Healthcare Insurance Co.*, the Tenth Circuit instructed the district court to reconsider whether attorneys' fees should be awarded "after [the Plan administrator] reconsiders Plaintiffs' benefits claims" and suggested that the district court "retain jurisdiction over the case even as it remands" to "effectuate its reconsideration of the attorney's fees issue." 77 F.4th 1293, 1316 (10th Cir. 2023).

The Tenth Circuit has emphasized, however, that it "d[id] not intend to create a per se rule that attorney's fees are inappropriate whenever a district court decides to remand a claim to the plan administrator rather than ordering benefits directly." *Graham*, 501 F.3d at 1163; *cf. Hardt*, 560 U.S. at 256 (declining to decide "whether a remand order, without more, constitutes 'some success on the merits' sufficient to make a party eligible for attorney's fees"). According to the Tenth Circuit, it remains "theoretically possible," in "the right case, to reward plaintiffs for holding plans accountable under ERISA" if, say, a plaintiff established that a defendant had committed "egregious violations of ERISA's procedural protections" but the court remanded the matter to the Plan administrator for reconsideration rather than ordering the payment of benefits. *Graham*, 501 F.3d at 1163.

At least at this point in the proceedings, the court cannot say that the Plaintiffs have shown egregious procedural violations. Indeed, the court has already decided that "the record here does not reflect anything like the repeated, clear, and egregious procedural errors that justified the award of benefits in *D.K.*" Dkt. No. 58 at 10 (discussing *D.K. v. United Behav. Health*, 67 F.4th 1224, 1244 (10th Cir. 2023)). Nor have the Plaintiffs persuaded this court that this is otherwise "the right case" in which to award benefits at this stage of the proceedings.

3

To be sure, some past cases from this district could be read to suggest that "the right case" is any case in which a district court has sufficient information to apply the *Hardt* factors. *See, e.g.*, *Theo M. v. Beacon Health Options, Inc.*, 2023 WL 4826771, at **3–4 (D. Utah July 27, 2023); *supra* note 1. In this case, however, the court concludes that it lacks the requisite information to apply those factors. After all, the court remanded this case because it could not "say that the Plaintiffs [were] clearly entitled to benefits under the Plan." Dkt. No. 58 at 7. And in *Graham*, the Tenth Circuit held that a district court cannot evaluate "the merits of the parties' positions and the impact of the litigation on other beneficiaries"—factors that are critical to the *Hardt* analysis—"when it remains to be seen whether [a plaintiff] is entitled to benefits." *Graham*, 501 F.3d at 1162

\* \* \*

For all these reasons, the court concludes that the Plaintiffs' motion is unripe. Docket Number 64, the Plaintiffs' Motion for Attorney Fees is **DENIED WITHOUT PREJUDICE.** The Plaintiffs may renew the motion if they receive an award of benefits or if the Defendant fails to substantiate the denial of benefits on remand.[2]

**IT IS SO ORDERED.**

Dated this 1st day of August, 2025.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

[2] Worryingly, the Defendant appears to misunderstand the question on remand, which is not whether the facilities at which the Plaintiffs received the care at issue meet the requirements for residential treatment centers, *see* Dkt. No. 65 at 11, but whether there is a proper basis for denying coverage for that care if it is not provided in a residential treatment center.